IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

AUG 2 2013

JAMES N. HATTEN, Clerk
By: Vicki Dougherty
Deputy Clerk

RAY LECROY, DIANE LECROY,
CATHERINE ADDISON, DEBBIE ADDISON,
GREG ADDISON, MARVIN ADDISON,
HAROLD ATKINSON, SUSAN W. BARBER,
GLENDA REBECCA BLACK, JOHN R.
BLACK, BETTY BOHANNON, MILTON
BOHANNON, JOHN BOWEN, KEVIN BOWEN,
REGINA BOWEN, RENEE BOWEN, MICHAEL
CARROLL, TONYA CARROLL, RENEE
CARSWELL, RICKY CARSWELL, KANDACE
CARTER, DOUG CASH, JOHN T. CASH,
MARY K. CASH, CYNTHIA CHASTAIN,
DEBRA CHASTAIN,  DON CHASTAIN,
DWAIN CHASTAIN,  SARA CHASTAIN,
SHERRY CHASTAIN, WILLIAM M.
CHASTAIN, ARTHUR  H. CONWAY, LEROY
COUCH, LILA COUCH, JAN CRAWFORD,
KEITH CRAWFORD, SETH DAIGLE, JOHN T.
DAVIS, DONNIE DEFOOR, JUDY DEFOOR,
LINDA DOBBS, JACK R. DOOLEY, KELLY R.
DOOLEY, TROY DOUGLAS, JANICE L.
ENGLISH, DAVID LEE FRANKLIN, DENNIS
HICKS, WILLIAM L. HICKS, CATHY
HOLCOMB, TERESSA IVEY,  ANGIE
JORDAN, MARTY JORDAN,  SUSAN KEITH,
KENNETH KELLER, CARLA LERMA,
PORFIRIO LERMA,  JUDITH LING, BRENDA
MARTIN, DEBORAH SCOTT MCCALL,
RICHARD TERRY MCCALL, CONNIE L.
MCCLAIN, CYNTHIA S. MCCLAIN, WILLIAM
E. MCCLAIN, JOANN MCCOLLUM, TEX
MURRAY,  JERRY OWENBY, MARY
OWENBY, A. J. PAVLISCSAK, MARIESA
PAVLISCSAK, JOHN DALE PAYNE, SANDRA
QUICK,

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Civil Action No.

2:13-CV- 174

DONNA S. RUDESEAL, DWAYNE H.          *
RUDESEAL, SHERRI W. RUMSEY,           *
CHRISTOPHER E. SCOTT, JONATHON        *
SCOTT, MARTHA SCOTT, ROBERT L.        *
SCOTT, DANIEL L. SHROADES, KARLA      *
L. SHROADES, DAVID D. TATE,           *
COURTNEY TAYLOR, GRACE A.             *
TAYLOR, ANNE E. TEDDY, LARRY R.       *
TEDDY, RUSSELL TOWE, SHIRLEY L.       *
TOWE, IRVING LANE TURPIN, SHERRY      *
C. TURPIN, JIMMY VINSON, JAMES        *
WADDELL, KIMBERLY WADDELL,            *
MARTHA WEBB, J. ALLEN WHITLOCK ,      *
KRYSTLE WHITLOCK, LINDA Y.            *
WILLIAMS, SANFORD H. WILLIAMS,        *
BETTY WILLIS, SHARON YEAST,           *
WILSON YEAST, BILLIE C. YOUNG,        *
THOMAS T. YOUNG, AND TAMMY            *
WOODY                                 *
                                      *
            Plaintiffs,               *
                                      *
                                      *
                                      *
                                      *
                                      *
                                      *
                                      *
            **VERSES**                *
                                      *
                                      *
                                      *
                                      *
WILBROS, LLC; ENVIRONMENTAL           *
 CONCEPTS, LLC;                       *
WILCORP, INC; AND JOSEPH              *
H. WILBANKS, JR.,                     *
                                      *
            Defendants.               *

- 2 -

## COMPLAINT

COME NOW   Ray Lecroy, Diane Lecroy, Catherine Addison, Debbie Addison, Greg Addison, Marvin Addison, Harold Atkinson, Susan W. Barber, Glenda Rebecca Black, John R.Black, Betty Bohannon, Milton Bohannon, John Bowen,   Kevin Bowen, Regina Bowen, Renee Bowen, Michael Carroll, Tonya Carroll, Renee Carswell, Ricky Carswell, Kandace Carter, Doug Cash, John T. Cash, Mary K. Cash, Cynthia Chastain, Debra Chastain, Don Chastain, Dwain Chastain, Sara Chastain, Sherry Chastain, William M. Chastain, Arthur H. Conway, Leroy Couch, Lila Couch, Jan Crawford, Keith Crawford, Seth Daigle, John T. Davis, Donnie DeFoor, Judy DeFoor, Linda Dobbs, Jack R. Dooley, Kelly R. Dooley, Troy Douglas, Janice L. English, David Lee Franklin, Dennis Hicks, William L. Hicks, Cathy Holcomb, Teressa Ivey, Angie Jordan, Marty Jordan, Susan Keith, Kenneth Keller, Carla Lerma, Porfirio Lerma, Judith Ling, Brenda Martin, Deborah Scott McCall, Richard Terry McCall, Connie L. McClain, Cynthia S. McClain, William E. McClain, JoAnn McCollum, Tex Murray, A. J. Pavliscsak, Mariesa  Pavliscsak, John Dale Payne, Sandra Quick, Donna Rudeseal, Dwayne H. Rudeseal, Christopher E. Scott, Jonahton Scott, Martha Scott, Robert L. Scott, Daniel L. Shroades, Karla L. Shroades, David D. Tate, Courtney Taylor, Grace A. Taylor, Anne E. Teddy, Larry R. Teddy, Russell Towe, Shirley L. Towe, Irving Lane Turpin, Sherry C. Turpin,  Jimmy Vinson James Waddell, Kimberly Waddell, Martha Webb, J. Allen Whitlock, Krystle Whitlock, Linda Y. Williams, Sanford H. Williams,   Betty Willis, Sharon Yeast, Wilson Yeast, Billie C. Young, Thomas T. Young, and Tammy Woody. (**collectively referred to as "Plaintiffs"**), the Plaintiffs in the above-styled action, by and through their undersigned counsel and hereby file this Complaint against Defendants Wilbros, LLC ("Wilbros") and Joseph H. Wilbanks, Jr..

("Wilbanks"), Environmental Resource Concepts, LLC ("ERC") and Wilcorp, Inc. ("Wilcorp") **(collectively referred to as "Defendants")**, respectfully showing this Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plantiff Susan W. Barber is a resident of North Carolina residing at 3158 Barber Road, Jamestown, North Carolina, 27846. Said plaintiff has an interest in property in Stephens County, Georgia which is to subject to damage by the Defendants' emission of malodorous air. All other Plantiffs are residents of Georgia residing in the Northern District, Gainesville, Division. **This court has jurisdiction based on diversity of citizenship under 28 U.S.C. §1332.**

Plantiffs also bring this action under 42 USCS § 7604 seeking enforcement of the specific requirements of the Air Quality and Emission Limitations, Act 42 USCS § 7412,  for clear-cut violations of said Act and to enjoin further violations thereof.  **This court also has jurisdiction under 28 USCS § 1331, inasmuch as a Federal Question is involved and being a civil action rising under the laws of the United States.**

2.      Defendant Wilbros, LLC (hereinafter "Wilbros") is a privately held limited liability corporation organized and existing under the laws of the State of Georgia. Wilbros does business and maintains an office in Stephens County, Georgia. Defendant Wilbros is, or was at all times relevant to this Complaint, the owner and operator and/or otherwise responsible for operation of a facility known as Wilbros Organic Recovery located at 215 Coats Drive in Toccoa, Stephens County. Georgia (hereinafter, the "Wilbros Facility") which is the source of the offensive odor in and around the Wilbros Facility. Wilbros is subject to the jurisdiction of this Court. Wilbros may be served with process by delivering a copy of the Complaint and

summons in this action to its registered agent, Joseph H. Wilbanks, Jr., 1224 Mt. Zion Road. Alto, Georgia 30510. Defendant Wilbros is responsible for the activities at the Wilbros Facility which have resulted and continue to result in the noxious odors and the damages and injuries resulting therefrom to Plaintiffs.

3.     Defendant Environmental Resource Concepts, LLC (hereinafter "ERC") is a privately held limited liability corporation organized and existing under the laws of the State of Georgia.  ERC does business and maintains an office in Stephens County, Georgia.  Defendant ERC is, or was at times relevant to this Complaint, the operator of the Wilbros Facility in Toccoa, Stephens County, Georgia, which is the source of the malodor in and around the Wilbros Facility.  ERC is subject to the jurisdiction of this Court.   ERC may be served with process by delivering a copy of the Complaint and summons in this action to its registered agent, Joseph H. Wilbanks, Jr., 2125 Alec Mountain Road, Clarkesville, Georgia 30523.   Defendant ERC is responsible for the activities at the Wilbros Facility which have resulted in and continue to result in the noxious odors and damages and injuries resulting therefrom to Plaintiffs.

4.     Defendant Wilcorp, Inc, (hereinafter "Wilcorp") is a corporation organized and existing under the laws of the State of Georgia. Wilcorp does business and maintains an office in Stephens County, Georgia. Wilcorp's principal place of business is 215 Coats Drive, Toccoa, Georgia, 30577. Upon information and belief, Defendant Wilcorp is, or was at all times relevant to this Complaint, an owner and/or operator of the Wilbros Facility in Toccoa, Stephens County, Georgia which is the source of the malodor in and around the Wilbros Facility. Upon information and belief, Defendant Wilcorp is also responsible for the transportation of waste into and from the Wilbros Facility. Wilcorp is subject to the jurisdiction of this Court. Wilcorp may be served with process by delivering a copy of the Complaint and summons in this action to its registered

agent, Joseph H. Wilbanks, Jr., 215 Coats Drive, Toccoa, Georgia, 30577. Defendant Wilcorp is responsible for the activities at the Wilbros Facility which have resulted and continue to result in the noxious odors and damages and injuries resulting therefrom to Plaintiffs.

5.      Defendant Joseph H. Wilbanks, Jr., (hereinafter Wilbanks) is an individual and operator of the Wilbros Facility. Defendant Wilbanks is the CEO and the sole member of both Wilbros and ERC. Mr. Wilbanks is also the CEO and Secretary of Wilcorp. Mr. Wilbanks serves as the registered agent for Wilbros, ERC and Wilcorp. Mr. Wilbanks is, or was at all times relevant to this Complaint, an owner and/or operator of the Wilbros Facility located in Toccoa, Georgia. Upon information and belief, Mr. Wilbanks runs the day-to-day operations at the Wilbros Facility. Defendant Wilbanks personally has participated in, directed, and/or ratified and continues to participate in, direct and/or ratify the commission of the torts alleged herein and the malodor and damage and harm to Plaintiffs. Upon information and belief Mr. Wilbanks may be personally served with process by delivering a copy of the Complaint and summons in this action to him at 215 Coats Drive, Toccoa, Georgia 30577.

6.      The harmful conduct of the Defendants, giving rise to this suit, has occurred and continues to occur wholly within Stephens County, Georgia.

7.      This Court has subject matter jurisdiction over this case.

8.      This court has personal jurisdiction over each Defendant.

9.      (a)  Venue is in this court is pursuant to 42 USCS § 7604(c) which provides that any action respecting a violation by a Statutory Source of an emissions standard or limitation or an order respecting such standard or violation may be brought only in the judicial district in which such source (of emission) is located.

(b) In this diversity of citizenship claim venue in this court is proper under 28 USCS § 1391(b) (1) in that all defendant reside in the Northern District Circuit.

10.     The Plaintiffs hereby demand a Jury trial upon their claims in this lawsuit.

## STATEMENT OF FACTS

11.     Defendants Wilbros, ERC, Wilcorp and Wilbanks are the owners and/or operators of the Wilbros Facility.

12.     Defendant Wilbanks is the CEO, CFO and sole member of Defendants Wilbros and E RC.

13.     Defendant Wilbanks is the CEO and Secretary and sole officer of Wilcorp.

14.     Defendant Wilbanks manages the Wilbros Facility and is responsible for the day-to-day activities at the Facility.

15.     The Wilbros Facility began operations in Stephens County in or around 2009.

16.     Defendants' operations at the Wilbros Facility include composting operations, solid waste management and wastewater treatment.

17.     Prior to operations in Stephens County, Defendants attempted to conduct similar operations in Habersham County, Georgia on or near Mt. Zion Road.

18.     Such operations resulted in noxious odors in the Habersham County community.

19. Numerous complaints were lodged about foul odors emanating from the operations, which ultimately led to Defendants move from Habersharn County to Stephens County.

20.     The Wilbros Facility is presently located at 215 Coats Drive, Toccoa, Georgia 30577.

21.     The site is approximately 136 acres in size and is more specifically assigned tax Parcel #032D-074 in Stephens County, Georgia.

22. The Wilbros Facility is located near several business, community and residential properties, including the Stephens County Recreation Department, the Stephens County Senior Center, and three Stephens County area schools: Liberty Elementary, 222 Old Liberty Hill Road, Toccoa, Georgia 30577, Stephens County Middle School, 1315 Rose Lane, Toccoa, Georgia 30577; and Stephens County High School, 638 White Pine Road, Toccoa, Georgia 30577.

23. The Wilbros Facility is engaged in the receipt, storage, treatment, processing and disposal of industrial wastes including poultry renderings and poultry processing waste, dairy waste, sanitary waste, food waste residuals, feed stock, wood waste, septic waste and other solid waste as well as other unknown materials from which it seeks to produce fertilizer and eventually biofuel for retail.

24. The Wilbros Facility also receives and processes sanitary wastewater from the existing textile operations on site.

25. Composting activities at the Wilbros Facility involve, among other things, various stages of decomposition over a period of time in order to manufacture fertilizer.

26. As a result of Defendants' activities at the Wilbros Facility, offensive odors and emissions emanate from the Facility into the environment.

27. The Wilbros Facility repeatedly generates and emits offensive odors and emissions into the environment.

28. Upon information and belief, the Wilbros Facility operates seven (7) days a week and the odors emanating from the Wilbros Facility occur seven (7) days a week.

29. The odors generated at the Wilbros Facility are offensive to the Facility's neighbors, the community and Plaintiffs.

30.     Defendants' conduct has negatively affected Plaintiffs' abilities to use and enjoy public property and their individual properties.

31.     The Wilbros Facility occupies a portion of the former Coats American, Inc. facility, a textile manufacturing facility and, more specifically, a yarn and thread dying and finishing facility.

32.     The nature of business as well as the operations at the Wilbros Facility differs drastically from the business and operations at the Coats American facility.

33.     Despite such, Defendants took over portions of the old Coats American facility, including the wastewater treatment system for its composting, solid waste and wastewater treatment operations.

34.     The Coats American facility was not designed for the operations and processes being conducted at the Wilbros Facility or for the treatment of wastes and materials received, processed and handled by the Wilbros Facility,

35.     Defendants are responsible for the daily operation of the facility.

36.     Defendants commenced and continued operations at the Wilbros Facility without the proper design and treatment facilities necessary to receive, handle, store and process the wastes and materials received by the Facility.

37.     Upon information and belief, Defendants do not have a properly trained individual supervising and controlling the operations at the Wilbros Facility.

38.     Since operations commenced at the Wilbros Facility, strong, pungent, nauseating and offensive odors have emanated and continue to emanate from the Wilbros Facility.

39.     The odors from the Wilbros Facility have become stronger, more pungent, more nauseating and more offensive as the amount of waste and other materials coming into the Wilbros Facility increases as a result of Defendants' operations at the Wilbros Facility.

40.     The operations and processes at the Wilbros Facility have caused and continue to cause a strong, pungent, and nauseating odor to be released into the air.

41.     The odor from the Wilbros Facility is so strong, so insistent and permeates the atmosphere so completely that it interferes with the commercial, recreational, economic and aesthetic interests of the community and the daily activities of those in the community, including recreational activities, business activities and operations, school activities and operations, as well as the use and enjoyment of property.

42.     The odor from the Wilbros Facility is disagreeable, causing nausea and vomiting. watering eyes, difficulty breathing, forcing residents indoors, and causing annoyance and inconvenience and the interference with the use and enjoyment of property.

43.     The quality of life for those near the Wilbros Facility has been and continues to be adversely affected and severely damaged by the noxious odor emanating from the Wilbros Facility.

44.     The foul odor from the Wilbros Facility offends, annoys and irritates the employees of and visitors to various businesses in the vicinity of the Wilbros Facility.

45.     The foul odor from the Wilbros Facility interferes with the productivity of businesses in the area.

46.     Businesses in the vicinity of the Wilbros Facility have been forced to close their doors and windows in an attempt to block the noxious odors from the Wilbros Facility from entering their facilities.

47.     As a result of the foul and noxious odors from the Wilbros Facility, business operations in the vicinity of the Wilbros Facility have suffered and continue to suffer economic consequences.

48.     The odor from the Wilbros Facility offends, annoys and irritates teachers, children, parents, visitors and others at the schools, the Senior Center and recreational facilities near the Wilbros Facility.

49.     The noxious odor from the Wilbros Facility has caused several school children and teachers to become sick and nauseated.

50.     The offensive odor from the Wilbros Facility has also interfered with the use and enjoyment of the Senior Center and recreational facilities in the vicinity of the Wilbros Facility.

51.     The strong, pungent and nauseating odor from the Wilbros Facility has interfered with school activities, including sports activities and outdoor recreation.

52.     The noxious odor from the Wilbros Facility is so strong and pungent that it permeates into the interior of the schools and into the classrooms, interfering with the teaching and learning activities of the school.

53.     The odor from the Wilbros Facility offends, annoys and irritates members of the community who own property and/or live in the vicinity of the Wilbros Facility.

54.     The offensive odors from the Wilbros Facility invade adjacent and nearby properties preventing Plaintiffs from using and enjoying their properties.

55.     In addition to areas in the vicinity of the Wilbros Facility, the offensive odor has at times also spread to other areas of the County, including downtown Toccoa, annoying, offending and irritating the public.

56.     The noxious odor from the Wilbros Facility has adversely affected the ability of Plaintiffs' children and grandchildren to take part in recreational activities at the County Recreation Department which are provided for by the County.

57.     Defendants knew operations at the Wilbros Facility would adversely impact the Plaintiffs before commencing operations.

58.     Despite such knowledge, Defendants did nothing to prevent the offensive odors and protect the Plaintiffs from the offensive odors.

59.     Defendants remain well aware of the strong, offensive and noxious odors emanating from the Wilbros Facility, permeating the air in the vicinity of the Wilbros Facility and interfering with and adversely affecting Plaintiffs.

60.     Plaintiffs, as well as citizens and residents of Stephens County, have contacted Defendants on numerous occasions, complaining about the noxious odor and problems arising in the community as a result of the noxious odor.

61.     The odors emanating from the Wilbros Facility are offensive and intolerable to Plaintiffs and the community.

62.     The Wilbros Facility emits gases and odors into the neighborhood atmosphere that are detrimental to the health, safety and welfare of the Plaintiffs and the community..

63.     Defendants continue to operate the Wilbros Facility in a manner which causes offensive odors and emissions to be released into the environment.

64.     The Wilbros Facility is a detriment to the well-being of Plaintiffs and other members of the community.

65. Despite such, Defendants continue to operate the Wilbros Facility in such a manner as to cause ongoing and repeated release of noxious fumes and odors from the Wilbros Facility.

66. Defendants have been provided opportunity after opportunity to eliminate the noxious odor but have failed and refused to eliminate the odor.

67. Instead, Defendants have continued to operate the Wilbros Facility in such a manner as to cause the ongoing and repeated release of noxious fumes and odors from the Wilbros Facility,

68. The Wilbros Facility continues to emit noxious and offensive odors.

69. Defendants receive economic benefits from their failure and refusal to abate the ongoing odor problems.

70. Defendants' activities have caused and continue to cause strong, pungent, nauseating and offensive odors to emanate from the Wilbros Facility into the surrounding environment in and around the Wilbros Facility and at times further.

71. **Plaintiffs have been forced to endure the ongoing odor problems for more than three (3) years.**

72. Plaintiffs have suffered special damages as a result of Defendants' activities resulting in the emission of noxious odors into the community.

73. Defendants and their agents and representatives have failed and refused to abate the ongoing odor problems and have increased the waste and other materials being received and processed by the Wilbros Facility, thereby also increasing the strength, frequency and pungency of the odors emanating from the Facility.

74.     As a direct and proximate cause of Defendants' willful and harmful conduct, the Plaintiffs have suffered and continue to suffer with the continued intolerable odor being forced repeatedly upon them. Defendants' activities have interfered with, and continue to interfere with, Plaintiffs' rights to use and enjoy their properties.

## GENERAL ALLEGATIONS

75.     At all times relevant hereto, Defendants have had a duty to conduct their business and to use their property in a manner that does not do harm to Plaintiffs and the surrounding community.

76.     Plaintiffs and their property continue to be damaged by the odors from the Wilbros Facility.

77.     Based upon the averments herein, Defendants are "joint obligors, joint tortfeasors, joint promisors, copartners, and/or joint trespassers" within the meaning of the Constitution of the State of Georgia - Article VI, Section 11, Paragraph IV.

## COUNT I – VIOLATION OF AIR QUALITY AND EMISSIONS ACT

78.  Paragraphs 1-77 are restated and incorporated by reference, as if fully set forth herein.

79.  At all times relevant hereto, Defendants have had a duty to conduct their business and to use their property in conformity with and according to 42 USCS § 7412, being the Air Quality And Emissions Limitations Act.  Defendants were and are a major source of hazardous air pollutants including one or more of those air pollutants listed 42 USCS § 7412(b)(1).

- 14 -

## COUNT II - INJUNCTIVE RELIEF

80.     Defendants have failed to operate the Wilbros Facility in such a manner so as to ensure the prevention of noxious odor emanating from the Facility into the environment.

81.     Defendants have failed to stop the release of the offensive odors into the neighborhood environment from the Wilbros Facility.

82.     Plaintiffs' remedies at law are inadequate to stop the continuing conduct by Defendants and to cause the necessary investigation and remediation.

83.     The only adequate remedy at law is to enjoin Defendants from operating the Wilbros Facility in such a way as to pollute the air with such strong, pungent, nauseating and offensive odors and smell as to make habitation of the property in the vicinity impossible, unhealthy and unwholesome.

84.     Plaintiffs continue to suffer irreparable injury as a result of Defendants' continuing conduct.

85.     The equities of granting the injunction herein requested favor Plaintiffs.

86.     Plaintiffs are entitled to a permanent injunction:

     a.     requiring Defendants to cease operations altogether or enjoining Defendants from operating the Wilbros Facility in such a manner as to pollute the air with such an odor and smell so as make habitation and/or use of the area in the vicinity of the Wilbros Facility impossible, unhealthy and unwholesome and so as to interfere with Plaintiffs' and the communities' use and enjoyment of their properties and/or ability to conduct business;

    b,      ordering Defendants to abate the continuing nuisance and trespass caused by the noxious odors from Defendants' Wilbros Facility;

    c.      ordering Defendants to dispose of materials received at the Wilbros Facility in such a manner as not to cause the emission of odors into the atmosphere;

    d.      enjoining Defendants from receiving any further wastes at their Facility until processes and procedures are in place to prevent the emission of odors from the Facility associated with the receipt, handling, processing, storage and treatment of such materials.

    e.      requiring Defendants to cease operations all together until said Defendants are in full compliance with the Air Quality And Emissions Limitations set out in 42 USCS § 7412.

## COUNT III -NUISANCE

87.    Paragraphs 1 through 86 are restated and incorporated by reference, as if fully set forth herein.

88.    By their conduct above-described, Defendants cause and contribute to the continued invasion, presence and spreading of odors in the community from the Wilbros Facility.

89.    Pursuant to O.C.G.A. Section 41-1-1, a nuisance is "anything that causes hurt, inconvenience, or damage to another" even if the Defendants' activities "may otherwise be lawful."

90.    Defendants' activities at the Wilbros Facility have created and continue to create a nuisance within the meaning of O.C.G.A. § 41-1 -1.

91.     The noxious odors permeating from the Wilbros Facility have been and continue to be disagreeable to Plaintiffs and members of the community in the vicinity of the Wilbros Facility, causing discomfort, nausea and vomiting, watering eyes, difficulty breathing, and forcing people indoors.

92.     Wastewater treatment and composting activities have created and continue to create noxious odors that interfere with the health, safety and welfare, as well as the peace, comfort, and convenience of Plaintiffs.

93.     In addition, the noxious odors permeating from the Wilbros facility have occurred and continue to occur to such an extent as to substantially, materially, and unreasonably interfere with Plaintiffs' use and enjoyment of their property as they see fit, resulting in the creation and maintenance of a nuisance.

94.     This nuisance will continue until the Defendants are compelled to abate the nuisance by ceasing or altering operations at the Wilbros Facility.

95.     Each Plaintiff is entitled to the full use and enjoyment of their property free from the odors emanating from the Wilbros Facility.

96.     Plaintiffs are specially damaged by their property value loss, mental injury, and injury to their peace, happiness and feelings resulting from the operations of the Wilbros Facility.

97.     Because of Defendants' activities which constitute a nuisance, Plaintiffs are entitled to an injunction requiring Defendants to take action to stop emitting odors into the community and environment.

98.     Consequently, Defendants should be enjoined from continued operation of the Wilbros facility in such a manner so as to pollute the air with such an odor and smell so as to

make habitation and/or use of the area in the vicinity of the Wilbros Facility impossible, unhealthy and unwholesome,

99.     Defendants are also liable to Plaintiffs for the special damages Plaintiffs have suffered and continue to suffer as a result of Defendants' activities and in amounts to be determined by the enlightened conscience of the jury for Plaintiffs' damaged property, for Plaintiffs' aggravation, annoyance, hurt, and inconvenience due to the odors, for Plaintiffs' loss of use and enjoyment, and for any personal injuries suffered by Plaintiffs.

## COUNT IV- TRESPASS

100.     Paragraphs 1 through 99 are restated and incorporated by reference, as if fully set forth herein.

101.     A trespass is an unauthorized entry on another's property without the consent of the owner of the property on which the alleged trespass is committed.

102.     Plaintiffs have and continue to suffer from the unauthorized intrusion of noxious odor, smell, vapors, gases, and other airborne particulate matter created by Defendants' activities at the Wilbros Facility.

103.     Plaintiffs have never, in any way or at any time, authorized, permitted, or sanctioned these invasions of the community and/or their individual properties by Defendants in their operation of the Wilbros Facility.

104.     These unauthorized invasions of Plaintiffs' properties caused and continue to cause, the deterioration of the Plaintiffs' individual properties and the loss of use of Plaintiffs' properties,

105.   In addition, these unauthorized invasions from Defendants' Wilbros Facility have unreasonably interfered with the Plaintiffs' exclusive right to possess their properties as they see fit.

106.   As a result of Defendants' trespasses, Plaintiffs have suffered, and continue to suffer discomfort, nausea and vomiting, watering eyes, and difficulty breathing,

107.   Defendants' trespass is the actual and proximate cause of Plaintiffs' damage and injuries.

108.   Plaintiffs are specially damaged by their property value loss, mental injury, and injury to their peace, happiness and feelings resulting from the operations of the Wilbros Facility.

109.   Because of Defendants' activities which constitute a trespass, Plaintiffs are entitled to an injunction requiring Defendants to take action to stop emitting odors into the community and environment.

110,   Consequently, Defendants should be enjoined from continued operation of the Wilbros facility in such a manner so as to pollute the air with such an odor and smell so as to make habitation and/or use of the area in the vicinity of the Wilbros Facility impossible, unhealthy and unwholesome.

111.   Defendants are also liable to Plaintiffs for the special damages for the trespass Plaintiffs have suffered and continue to suffer as a result of Defendants' activities and in amounts to be determined by the enlightened conscience of the jury for Plaintiffs' damaged property, for Plaintiffs' aggravation, annoyance, hurt, and inconvenience due to the odors, for Plaintiffs' loss of use and enjoyment of their properties, and for any personal injuries suffered by Plaintiffs.

## COUNT V - PUNITIVE DAMAGES

112.   Paragraphs 1 through 111 are restated and incorporated by reference, as if fully set forth herein.

113.   Defendants' conduct as described herein evinces an intent to harm the property and person of Plaintiffs.

114.   Defendants' conduct set out above was and is reckless, showed willful misconduct, malice, wantonness, oppression, an entire want of care, and each of Defendant's conscious indifference to the consequences of the conduct to Plaintiffs' property and person.

115.   Because Defendants' conduct set out above showed willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences, O.C.G.A § 51-12-5.1 entitles Plaintiffs to an award of punitive damages against Defendants designed to punish, penalize, or deter said Defendants from such conduct.

## COUNT VI - ATTORNEYS' FEES, COSTS, AND EXPENSES OF LITIGATION

116.   Paragraphs 1 through 115 are restated and incorporated by reference. as if fully set forth herein.

117.   Within the meaning of O.C.G.A. § 13-6-11, Defendants have caused Plaintiffs unnecessary trouble and expense, and/or have been stubbornly litigious, and/or have acted in bad faith, thereby entitling Plaintiffs to recover their expenses of this litigation including reasonable attorneys' fees, expert fees, and other litigation costs from Defendants.

**WHEREFORE,** Plaintiffs respectfully pray that this Court:

[a]   Issue Service of Process and grant Plaintiffs a trial by Jury;

[b]     Enter Judgment in favor of Plaintiffs and against Defendants on all claims in Plaintiffs' Complaint;

[c] Grant Plaintiffs both a temporary and a permanent injunction requiring Defendants to abate the continuing nuisance and trespass caused by the operations at the Wilbros Facility and prohibiting the operation of Defendants' facility in a manner that harms Plaintiffs;

[d]     Order Defendants to pay compensatory damages to each Plaintiff in an amount of not less than $75,000;

[e]     Enter Judgment against, Defendants and in favor of the Plaintiffs, awarding Plaintiffs their reasonable attorneys' fees, costs, and other expenses of litigation in an amount of not less than $100,000;

[e]     Award punitive damages to each Plaintiff against Defendants in an amount of not less than $100,000; and

[g]     Grant Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted this 2N day of August, 2013.

Adams Law Firm, L.L.C.
P. O. Box 488
Toccoa, Georgia 30577
706-886-3401
Cell: 706-599-3318

Alton M. Adams
Georgia Bar No. 002500

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| RAY LECROY ON BEHALF OF | * | |
| HIMSELF AND THE OTHER | * | |
| PLAINTIFFS, | * | |
|     Plaintiffs, | * | |
| | * | Civil Action No. _____  _____ |
|   -vs - | * | |
| | * | |
| WILBROS, LLC; | * | |
| ENVIRONMENTAL CONCEPTS, LLC; | * | |
| WILCORP, INC; AND JOSEPH | * | |
| H. WILBANKS, JR., | * | |
| | * | |
|     Defendants. | * | |

## **VERIFICATION**

PERSONALLY APPEARED before me, an officer duly authorized by law to administer

oaths, Ray LeCroy, on behalf of himself and the other Plaintiffs, who after first being duly

sworn, states: My name is Ray LeCroy. I am over the age of 18, and competent in all respects to

testify regarding the matters set forth herein. I give this Affidavit voluntarily. I have personal

knowledge of the facts stated in the foregoing Complaint and believe them to be true and correct

based upon information currently available to me.

FURTHER AFFIANT SAYETH NOT

Ray LeCroy

STATE OF STEPHENS
COUNTY OF GEORGIA

The above named person appeared before me, a Notary Public in and for the

above jurisdiction this 2nd day of August, 2013, and made the foregoing Affidavit, under oath.

(Affix Seal)

Notary Public
My commission expires:

Clients have authority to bring this civil action without the sixty day notice to the plantiff, et al. As required by USCS § 7604(b).  Practices bring this action under the exception to said 60 day notice requirement under that part of 42 USCS § 7604(b)(2) which provides "said action may be brought immediately after such notification in the case of an action under this section respecting a violation of Section 112(i)(3)(A) or (f)(4) - 42 USCS § 7412(i)(3)(A)".  In any event the sixty day notice to the Defendant, to the Administrator of the Environmental Protection Agency, and to the State of Georgia Environmental Protection Agency is not required in as much as such would be a technical failure to comply with the prior proper notice requirement before filing the complaint in as much as the Defendants were given actual notice of the matters and issue.  See Wilder vs. Thomas, 657F Supp 1500 (1987) and Comite Pro Rescate de La Salud vs.Puerto Rico Aqueduct & Sewer Authority, 693 F Supp1324 (1989).